UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY BURGESS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  No. 4:20-cv-01447-NAB |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
|     Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on review of petitioner Corey Burgess's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be denied and dismissed for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the Central Arizona Florence Correctional Center in Florence, Arizona. On October 18, 2016, a grand jury indictment was filed, charging petitioner with kidnapping, second-degree rape, second-degree sodomy, and third-degree domestic assault. *State of Missouri v. Burgess*, No. 1622-CR03886-01 (22nd Jud. Cir., St. Louis City).[1] Ultimately, a jury convicted him of two counts of third-degree domestic assault. He was sentenced on November 8, 2018 to four years' imprisonment on each count, the sentences to run concurrently.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner filed a notice of appeal on November 9, 2018. The Missouri Court of Appeals affirmed petitioner's conviction and sentence on March 31, 2020. *State of Missouri v. Burgess*, No. ED107333 (Mo. App. 2020).

Petitioner filed a pro se motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 29.15 on May 29, 2020. *Burgess v. State of Missouri*, No. 2022-CC09550 (22nd Jud. Cir., St. Louis City). The circuit court appointed the Missouri State Public Defender to represent petitioner on August 25, 2020. An attorney entered his appearance on petitioner's behalf, and filed a motion for an extension of time in which to file an amended motion. On October 2, 2020, the circuit court entered an order giving petitioner's counsel an additional thirty days to prepare and file an amended motion. As of this time, the matter is still pending.

Petitioner filed the instant action on October 6, 2020.[2]

**The Petition**

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254. His petition is handwritten on a Court-provided form, with additional sheets totaling 147 pages. The petition contains three grounds for relief: (1) that petitioner's rights under the Fourth Amendment have been violated; (2) that petitioner's rights under the Sixth Amendment have been violated; and (3) that petitioner's rights under the Fifth Amendment have been violated. Among

---

[2] The Court notes that petitioner has filed two prior habeas corpus actions in the United States District Court for the Eastern District of Missouri. Both were brought pursuant to 28 U.S.C. § 2241. Petitioner filed the first action on December 29, 2017. In the petition, he argued that his constitutional rights had been violated because he had not received a speedy trial, and because his bond was excessive. *Burgess v. Glass*, No. 4:17-cv-2951-NCC (E.D. Mo.). The petition was denied and dismissed without prejudice on January 11, 2018, because petitioner had not exhausted his state remedies. Petitioner did not appeal. The second petition was filed on September 18, 2019. *Burgess v. Jennings*, No. 4:19-cv-2599-NCC (E.D. Mo.). In this petition, petitioner argued that his rights to due process and a speedy trial had been violated. The petition was dismissed without prejudice on January 22, 2020. Petitioner filed an appeal. The United States Court of Appeals affirmed on June 18, 2020. *Burgess v. Jennings*, No. 20-1303 (8th Cir. 2020).

other things, petitioner seeks a ruling that his state court judgment violates the United States Constitution.

## Discussion

As noted above, petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254, alleging that his state court conviction in *State of Missouri v. Burgess*, No. 1622-CR03886-01 (22nd Jud. Cir., St. Louis City) violates the United States Constitution. For the reasons discussed below, the petition will be dismissed for failure to exhaust state remedies.

### A. Exhaustion

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); and *Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the

substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

In this case, petitioner has not completed the full round of Missouri's appellate review process. While he has completed direct review, he has only recently filed a state postconviction motion. *See Burgess v. State of Missouri*, No. 2022-CC09550 (22nd Jud. Cir., St. Louis City). There has been no ruling on that motion, much less an appeal from an adverse ruling. Instead, petitioner's attorney was just given thirty days to file an amended motion pursuant to Missouri Supreme Court Rule 29.15. In short, the postconviction motion that petitioner initiated is still pending. Thus, it is clear that petitioner has not exhausted his state remedies. If the Court were to intervene at this point, it would deny the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *See Baldwin*, 541 U.S. at 29. It would also disrupt the ongoing state judicial proceedings. *See Rose*, 455 U.S. at 517. Such intervention is not permitted.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, petitioner has not demonstrated that he has exhausted his state remedies, as he still has a postconviction motion pending in state court. Exhaustion is a prerequisite to filing suit in federal court. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas

corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State"). Because petitioner has not exhausted his state remedies, the petition must be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

### E. Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as the petition is being dismissed for failure to exhaust state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 13th day of October, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE